Vanhorn *v.* Freeman.

[SEPTEMBER TERM, 1796.]

VANHORN *against* FREEMAN.

An action on the case may be maintained by a father for a personal injury done to his child and servant, under a *per quod.*

Though the child may be living in another family at the time she receives the injury, such action is maintainable under certain circumstances. the slightest evidence will be sufficient to shew the existence of the relation of master and servant.

An action on the case will lie for debauching plaintiff's daughter, when the damage laid in the *per quod* arose from mental affliction, she not having been pregnant. Query?

This was an action on the case, for debauching the plaintiff's daughter. The declaration stated that the defendant, on the fourth day of August, 1792, and at divers other days and times between that day and the first day of September, of the same year, at Newark, in the county of Essex, Ann Vanhorn, the daughter and servant of the plaintiff, debauched, abused and carnally knew, by which the plaintiff lost the comfort, assistance and service of his said daughter and servant, during all the time aforesaid, and was brought into great disgrace and infamy, to his damage £1000. Plea, *not guilty.*

---

The cause was tried at the Essex Circuit, in 1794. On the trial, it appeared in evidence, that the plaintiff was a minister of the gospel, a man of reputation and character, and the settled minister in the parish where he resides; that the daughter was a young woman of excellent character, and, before this occurrence, of a cheerful and pleasant disposition. About the 20th of May, 1792, she went to live with one Mrs. Pike, in Rahway, to learn the mantua-making business, with whom she resided until about the 28th of August following. The plaintiff was to pay Mrs. Pike £3 per month, for the board, washing and instruction of the daughter, and under the agreement did actually pay about £6. The daughter was, at the time, between twenty and twenty-one years of age. During the first part of the time she lived in Rahway she was attentive to her duty, worked diligently, and appeared anxious to acquire a knowledge of the business; but during the latter portion of the time her distress and anxiety appeared to have seriously affected her mind, and incapacitated her for labor. Before she went to live with Mrs. Pike, she was accustomed to do housework in her father's family. The defendant lodged in the same house with her at Rahway, and the circumstances of the transaction, as they appeared on the evidence, shewed a forcible attempt upon her virtue, and a struggle ensued in which she received severe corporal injury, was much bruised, and so faint and exhausted that she could with difficulty get up stairs. About a fortnight after the transaction, she returned to her father's house; but subsequent to this, she was so ill, in consequence of what had occurred, that she was compelled to have recourse to medical assistance. For several weeks she was incapable of performing any work in the family, but it appeared her situation was more owing to her mental sufferings on account of what had happened, and her apprehensions lest she might prove pregnant, than to the positive bodily injury which she had sustained.

After the evidence was closed, the defendant moved for a non-suit on the following grounds :

1. That an action for a personal injury to a child or servant, must be brought by the person actually sustaining the injury, and not by the master or parent.

2. That if a child or servant is so injured in its body as to be rendered unfit for, or incapable of service, then, and in that case only, such an action is maintainable by the father or master, and for the loss of service only ; which must arise immediately from the injury inflicted, and not in consequence of feelings which might be excited in the mind on account of the disgrace incurred.

The motion for a non-suit was overruled by the court, and the cause went to the jury, who found a verdict in favor of the plaintiff for £250 damages, and costs.

The questions were submitted to the court on a case stated.

KINSEY, C. J., delivered the opinion of the court. This is an action on the case, for debauching the plaintiff's daughter. On the trial of the cause at the circuit, a motion was made for a non-suit, which being overruled, the case was submitted to the jury, who have found a verdict in favor of the plaintiff for £250. It now comes before the court for their determination, and the grounds relied upon are, either that the action is misconceived, or that the injury done is one for which no compensation can legally be obtained.

The particular grounds urged on the motion for a non-suit, and submitted in the statement of the case are—

1. That for a personal injury done to a child or servant, the action must be brought by the child or servant, and not by the parent or master.

2. If a child or servant is so injured as to be rendered incapable of service, then only can the master or parent maintain a suit for loss of service ; and this incapacity must arise immediately from the injury actually received, and not from the feelings of the mind which it may have occasioned.

Vanhorn v. Freeman.

In support of this first principle, the counsel for the defendant have cited 1 *Com. Dig.* 180; *Gray* v. *Jefferies, Cro. Eliz.* 55, and what is reported to have been said by Lord Holt in the case of *Russell* v. *Corne,* 2 *Ld. Ray.* 1031, which authorities, it is contended, establish the principle, that a father cannot maintain an action for an injury of this kind. The case of *Postelthwaite* v. *Parker,* 3 *Bur.* 1778, has likewise been referred to, to shew that trespass will not lie where the daughter is in the service of another person.

On the part of the plaintiff, we have been referred to 6 *Bac. Abr.* 562, where the case of *Sipporia* v. *Bassett* is given from *Siderfin* 225, and *Clayt.* 133; *Edmondson* v. *Machett,* 2 *Term Rep.* 4, and *Bennett* v. *Alcott, Ib.* 166.

It appears to me that the *per quod* in the declaration, in actions of this sort, is the gist of the case; and this is equally so in actions on the case and trespass. I have met with no precedent where an action has been sustained upon any other ground; although it is equally indisputable, that it is in general a mere fiction of the law, in order to give some kind of compensation for an injury of the most atrocious kind, which would otherwise be remediless. In these cases, generally speaking, little or no service is either performed by the daughter, or expected from her; and were it not for the highly respectable characters by whom this fiction has been supported and recognized, I should not hesitate to express my opinion, that it disgraces the jurisprudence of the country. Nevertheless, sitting in this place to administer the laws as they really exist, without any authority to substitute improvements which are even universally called for, I feel myself bound to adhere to a uniform course of precedents, and, in the present instance, I certainly shall not deviate from them.

There are two questions which we are now called upon to decide: 1. Whether an action on the case may be maintained by a parent for debauching his daughter? 2. If it will lie, whether the evidence before us will support the present action?

With respect to the first of these questions, I think that it has been already determined that such action is sustainable. I refer to the case *Anderson* v. *Runyon, Narr. of Sept. term* 1772, a little before the Revolution. But if there had never been a decision in this court upon the point, we should feel ourselves warranted in saying, from the cases in the books, that this action will lie : not intending, by any means, to deny that trespass may be brought with the same propriety, for the precedents and authorities are both ways.

If it should be admitted that the opinion of Holt, in the case of *Russel* v. *Corne*, was different, and that he is to be understood to say, that no action will lie by the father for an injury of this kind, unaccompanied by such an entry upon his property as would support trespass; and, in this latter case, the debauching of the daughter ought to be given in evidence, not as constituting in itself a ground of action, but merely as an aggravation, I should think that he had mistaken the law, and was contradicted by authorities of the most respectable kind. Unquestionably the latter cases speak a different language, and the doctrine which they establish seems more likely to effectuate justice, or rather better calculated to prevent a default of justice, by affording compensation in damages for an outrageous and atrocious injury.

In this opinion, I think myself borne out by the cases to which I shall now briefly refer. The case of *Cox* v. *Rolt*, 2 *Wils.* 253, was a special action on the case, brought for deflowering the plaintiff's daughter, with a *per quod* as in trespass. It appears from the report, that the defendant had pleaded the general issue, and afterwards upon an affidavit moved to withdraw his plea, and replead it with the statute of limitations. The court, however, refused the application. What eventually became of the case, we are not informed, but this much at least appears, that the defendant seemed unwilling to rest the cause upon the merits, and was desirous of availing himself of every

defence in his power. If an action of this kind could not have been supported, this objection would have furnished a much surer ground for him to rely upon, and would naturally have been resorted to; but it does not appear to have occurred, either to the counsel or to the court.

The opinion of Judge Buller in *Bennett* v. *Alcott*, needs not to be supported, and cannot be weakened by inference or presumption. He says, expressly, that an action merely for debauching a man's daughter, by which he loses her service, is an action on the case. He does not consider the opinion of Lord Holt, in the case from Lord Raymond, as in any degree impugning this doctrine, but rather as corroborating it: he understands Holt to say, that where the offence is accompanied with an illegal entry of the father's house, he has his election, either to bring trespass for the breaking and entering, and lay the debauching of the daughter, and the loss of her service as consequential; or he may bring the action on the case, merely for debauching his daughter, *per quod servitium amisit.* Great respect and weight should be attached to the deliberate opinion of Buller, and I should demand much stronger reasons than I have yet heard, before I could venture to pronounce him mistaken.

The last case which I shall cite upon this question, is that of *Force* v. *Wilson, Peake N.' P.* 55, which was decided as late as the 31 George III. This case is not so fully stated as I could wish, but it goes far enough to establish the principle for which it is referred to, which is, that an action on the case will lie for debauching a maid servant, without a trespass upon the property of the master, further than the injury done to the servant. It is stated to be an action for assaulting the maid servant of the plaintiff, and debauching her *per quod servitium amisit.* It is not stated that he entered the house of the plaintiff, or committed anything that could be called a trespass, other than enticing her away from his service, and no suit was brought for the enticement.

It appears she went to live with the defendant, and he debauched her, and for this the plaintiff recovered damages, though no father and no relation.

These cases, and the opinion of Buller, authorize me to say that this action for debauching a daughter lies, when laid with a *per quod;* that the doctrine of master and servant, which is referred to as supporting an action of trespass, is equally applicable to case.

I have not entered minutely into the old law upon this subject. I am aware that it has been seriously questioned, whether an action could be sustained for the abduction of any child other than an heir? But I believe no action for debauching a daughter was ever thought of before Siderfin, unless it was the case of *Norton* v. *Jason, Styles* 398, decided in 1653, which was an action on the case.

Upon this part of the case, I shall only add that the first action brought in this state, for an injury of this kind, was case: I allude to *Atkinson* v. *Hains,* issue roll of August 1746.

With regard to the second question, it has been contended, that in order to entitle the plaintiff to an action for an injury done to his daughter, the damage ought to have resulted immediately from the assault committed, and not to have been occasioned, as in this case, by grief of mind or mental pain. So far as this doctrine is applied to the action of trespass, there is some ground for urging it, but it is by no means so plain that it can afford any defence in an action on the case, where the immediate injury is passed over, and compensation is sought exclusively for the consequential damages. When a man commits such an injury as is here proved upon the defendant, and in consequence of his act an incapacity to perform her accustomed duties results to the daughter, though it may proceed immediately from her mental sufferings, I know of no case and no principle of law which exempts him from recompensing the injury which he has inflicted. At any rate, should a question of this kind really

exist, we do not feel any disposition in a case like the present, accompanied by so many atrocious circumstances on the part of the defendant, and after a verdict has passed against him, to examine very particularly into objections which are wholly technical, in order to relieve him from a situation, all the difficulties and embarrassments of which he has brought upon himself by his own misconduct.

But the facts upon which this objection rests are by no means clear; there is certainly ground for saying, that severe and immediate personal injury was produced by the assault. The evidence shews that he threw her upon the ground, treated her roughly, and actually forced her against her consent; that she struggled with him until her strength was exhausted; that her arms were severely bruised and sore; and that it was with considerable difficulty that she was enabled to go up stairs. Even after her return to her father's house she was compelled to have medical assistance, in consequence of the injury which she had sustained. Upon these facts, and after verdict, the court will not act upon the supposition that her inability to attend to her business, and to perform her accustomed duties, was occasioned entirely by the situation of her mimd. We think the *per quod* is fully and substantially proved.

Whether the plaintiff is precluded from recovering in the present action on the ground that the daughter did not, at the time of receiving this injury, reside in her father's house? is the next question that comes under our consideration.

The case of *Postelthwaite* v. *Parkes*, which has been cited from 3 *Bur.* did not, it is true, turn altogether upon the age of the daughter, who was at the time, twenty-three years old, but, as seems to be considered by Buller, (2 *Term Rep.* 168) the ground which influenced the opinion of the court was, that she was, at the time, in the service of another. This idea is confirmed by *Bennett* v. *Alcott* and *Tullidge* v. *Wade*, 3 *Wils.* 18, in both of which cases the daughter appears to have been nearly, or quite thirty.

Vanhorn *v.* Freeman.

In actions of this kind, it must also be proved that the daughter stands, in some degree, in the relation of servant to her father; this is, technically speaking, the gist of the action; but the slightest evidence has been held sufficient to support this part of the case. It is not by any means essential to prove an actual hiring, or that she receives wages, for, as is said by Lord Kenyon, in *Fores* v. *Wilson*, it has been determined, that when daughters of the highest and most opulent families have been seduced, the parent may maintain an action on the *supposed* relation of master and servant, though every one must know that such a child cannot be treated as a menial servant. Buller, in the case of *Bennett* v. *Alcott*, so frequently referred to, expresses the same opinion, and says, that even the milking of cows is sufficient. For my own part, I think that whilst the daughter is under age, and is maintained by the parent, he always has a sufficient interest in her labor and services to afford a foundation for this action.

From the state of the case, it clearly appears—1. That the daughter was within the age of twenty-one years. 2. That when she resided with her father she actually performed work in the family; and that when she returned home she was incapable of it, in consequence of the injury received from the defendant. 3. That she was placed at Mrs. Pike's in order to acquire a knowledge of business which might enable her to support herself, and ease her father from the expense; that while there she was maintained by her father, who paid for her board and instruction. 4. That she received gross and violent abuse, and for ten weeks remained a burthen to her father, and incapable of working.*

Under these circumstances, we think the motion for a non-suit was properly overruled, and judgment must be entered on the verdict.

Judgment for the plaintiff.

---

\* See the same doctrine laid down in 10 *John*. 115, *Nicholson* v. *Stryker* : also in *Dean* v. *Peel*, 5 *East* 45. See who may maintain this action. 11 *East* 53. 9 *John* 887.

NOTE.—Whether the action brought by a parent for debauching his daughter, ought to be trespass or case, is a question upon which the greatest authorities have differed. In *Norton* v. *Jason*, *Styles* 398, it was case, but the action was held not well brought, on account of other matter which was joined in the declaration. *Tidd's Prac.* ranges it among actions on the case, and 1 *Selw. N. P.* 362; *Ib.* 966; *Cox* v. *Rolt*, 1 *Wils.* 253; *Cook* v. *Sayer*, 2 *Bur.* 752; 2 *Wils.* 85; (but see 2 *Bl. Rep.* 855, *S. C.*) *Macfarlan* v. *Olivant*, 6 *East* 387; Buller's opinion, 2 *Term Rep.* 167; Grose's opinion, 5 *Term Rep.* 136, in *Weston* v. *Timbull*, are all confirmatory of the same doctrine. It seems also to be recognized by Lord Kenyon, in *Taylor* v. *Niri*, 1 *Esp. Ca.* 385. If precedents and authorities are to be regarded as evidence of what the law is, it is presumed that those which have been cited authorize the opinion, that no objection could now be sustained against this form of action. There can be as little doubt, after the opinion of the court in *Woodward* v. *Walton*, 5 *Bos. & Pull.* 476, that trespass is equally proper; and, in addition to the cases there referred to, this form of action has been adopted in *Jones* v. *Brown*, 1 *Esp. Ca.* 247; *Peake* 283, *S. C.; Akerly* v. *Haines*, 2 *Caines* 292. The opinion expressed, therefore, in the principal case, by the Chief Justice, that either action is maintainable, according to the peculiar circumstances of the transaction, may be considered as the present doctrine of the law.*

* See, also, *Ream* v. *Rank, Serg. and Raw* 215.